COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| JUAN CARRILLO, | | No. 08-07-00013-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 243rd Judicial District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20050D02762) |
| | § | |
| | § | |

**O P I N I O N**

Juan Carrillo appeals his conviction for aggravated assault with a deadly weapon. He was sentenced to 22 years' imprisonment. We affirm.

Appellant was convicted of assaulting Mr. Daniel Salas with a knife in the early morning of January 1, 2005. Mr. Salas was celebrating the new year with his friends, Mr. Edgar Moreno and Mr. Guillermo Portillo, at the California Bar in El Paso. Appellant and his twin brother, Sergio Carrillo, were also patrons of the bar that night. Mr. Salas, Mr. Moreno, and Mr. Portillo arrived at the bar around 12:30 a.m. Sometime later, Mr. Moreno left his companions to use the restroom. When he came out of the restroom some of the bar patrons were fighting. When Mr. Moreno made his way to the front door, he saw Mr. Salas being chased down the street by two men. Although, Mr. Moreno did not know their names at the time, he recognized the two men because he had seen them in other local bars, and by the fact that they were identical twins.

Mr. Salas testified that he ran away from the two men after the fighting began because he saw one of the brothers reach into his pocket as if to pull out a weapon. After running a block

down the street, Mr. Salas was tackled to the ground. The two men began kicking and punching him. At one point, as he was curled up on the ground, Mr. Salas felt his body become very "hot." Minutes later, he felt a severe pain in his back and realized he was bleeding from a large puncture wound. After the attackers left him in the street, Mr. Salas tried to get away from the scene. He solicited help from a pedestrian, who called emergency medical services.

Mr. Moreno witnessed the attack. When he approached the twins and Mr. Salas, one of the attackers turned and brandished a knife. Taking the knife as a threat, Mr. Moreno walked away from the scene toward his car. When he got to his car, Mr. Moreno found Mr. Portillo. By the time the two men got back to the location where Mr. Salas was beaten, emergency medical services were already on the scene.

The police also arrived on the scene and began asking Mr. Moreno what he had seen that night. In the meantime, other El Paso Police Department officers secured the bar. They found the bar owner, a few members of staff and a pair of identical twin men inside the bar. The officers asked all the individuals in the bar to move outside, and conducted a pat-down search of each person. The officers did not find any weapons on the individuals, but did notice that one of the twin brother's had blood on his clothing. Several minutes later, a patrol car carrying Mr. Moreno arrived for an on-the-scene identification. The officer in the patrol car shined a spot light on each of the individuals who had been inside the bar in turn, as the officer's outside stood them up and moved them forward for Mr. Moreno to see. Mr. Moreno identified Appellant and his brother as the individuals who attacked Mr. Salas. After he was released from the hospital, Mr. Salas also identified Appellant and his brother as his attackers. Mr. Salas' identifications were via a police photo lineup for each suspect.

Appellant and his brother were taken into custody following Mr. Moreno's identification. Appellant's case was tried to a jury, and he was convicted of aggravated assault.[1] On appeal, he raises four issues. In Issue One, he challenges the trial court's denial of his motion to suppress evidence. In Issue Two, he asserts that the trial court erred by admitting a witness statement into evidence over counsel's hearsay objection. Issues Three and Four challenge the legal and factual sufficiency of the evidence.

In Issue One, Appellant argues that the trial court erred by denying his motion to suppress evidence on the basis that the photo lineup in which Mr. Salas identified Appellant as one of his attackers was impermissibly suggestive. We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Amador v. State*, 221 S.W.3d 666, 673 (Tex.Crim.App. 2007). When reviewing a trial court's suppression ruling, we do not engage in our own factual review. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). The trial judge serves as the sole trier of fact and judge of witness credibility and the weight to be given their testimony for suppression purposes. *Wiede v. State*, 214 S.W.3d 17, 24-5 (Tex.Crim.App. 2007). When the trial court's ruling turns on questions of historical fact, whether or not an evaluation of credibility and demeanor was involved, we review the ruling for an abuse of discretion and give almost total deference to the trial court's decision. *See Amador*, 221 S.W.3d at 673. However, when application-of-law-to-fact questions do not turn on the credibility and demeanor of witnesses, we review the trial court's rulings on those issues *de novo*. *Amador*, 221 S.W.3d at 673. The evidence must be viewed in the light most favorable to the trial court's decision. *Wiede*, 214

---

[1] Appellant's twin brother, Sergio Carrillo, was tried and convicted by the same jury. Sergio Carrillo also appealed his conviction. *See Carrillo v. State*, 08-07-00011-CR (Tex.App.-- El Paso March 26, 2009, no pet. h.).

S.W.3d at 24. The ruling will be upheld if it is supported by the record, and is correct under any theory of law applicable to the case regardless of the trial court's stated basis. *State v. Stevens*, 235 S.W.3d 736, 740 (Tex.Crim.App. 2007).

A separate photo array was used to identify each of the brothers prior to trial. Appellant argues that because he and his brother are identical twins, once Mr. Salas choose one of the twins from the first array, the second array was impermissibly suggestive due to the physical similarity between he and his twin. A pretrial photographic lineup is impermissibly suggestive when the identification procedures used by the police were so unnecessarily suggestive as to present a very substantial likelihood of misidentification. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968); *Barley v. State*, 906 S.W.2d 27, 32-3 (Tex.Crim.App. 1995). Suggestiveness may be created by the procedure used by the police when the lineup is presented to the witness, or by the content of the lineup itself. *Barley*, 906 S.W.2d at 33. While impermissible suggestiveness constitutes a violation of due process, suggestiveness on its own is not unlawful. *Id*. We must examine the totality of the circumstances to determine whether the identification was reliable so that its in-trial use does not offend the defendant's right to due process of law. *See id.* at 32-3.

Appellant does not cite, and we have been unable to locate Texas case law holding that in the case of identical twin defendants, use of photo arrays for identification of both defendants results in a violation of due process. In this case, the photo array presented included photos of other men of similar age, and with similar stature, eyes, skin color, and hair styles as Appellant. Appellant's twin brother's picture was not included in the array with his own photo. In addition, Appellant does not specify, and the record is not clear as to whether his photo was the first or

second identified by Mr. Salas. Under these circumstances, the photo lineup was not impermissibly suggestive. Therefore, the trial court did not abuse its discretion by denying Appellant's motion to suppress on this ground. Issue One is overruled.

In Issue Two, Appellant contends that the trial court abused its discretion by admitting portions of Mr. Moreno's witness statement into evidence over Appellant's attorney's hearsay and improper impeachment objections. Specifically, Appellant argues the State offered the redacted witness statement for the sole purpose of placing the contents of the statement into evidence. The State responds by asserting that this argument has not been properly preserved for our review.

Texas Rule of Evidence 613(a) allows a party to examine a witness concerning the witness's prior written or oral statement provided that the witness is "told the contents of such statement and the time and place and the person to whom it was made . . .," and that the witness has an opportunity to explain or deny such statement. TEX.R.EVID. 613(a). A witness may be impeached regardless of which party called him to testify. *See* TEX.R.EVID. 607. However, even in cases where a party has laid the proper predicate for impeaching its own witness, a danger remains that the party may attempt to use a prior inconsistent statement under the guise of impeachement for the sole purpose of placing otherwise inadmissible evidence before the jury. *See Miranda v. State*, 813 S.W.2d 724, 735 (Tex.App.--San Antonio 1991, pet. ref'd). To avoid such a result, the opponent of the evidence must raise the prejudicial nature of such an introduction, and object to the statement under Rule 403. *See Camacho v. State*, 864 S.W.2d 524, 533 (Tex.Crim.App. 1993). By the same token, a point of error which does not comport with the objection made at trial, presents nothing for review. *See* TEX.R.APP.P. 33.1; *Wilson v.*

*State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002).

State's Exhibit Seventy-Six contains a copy of Mr. Moreno's witness statement which has been redacted so that only the statements which he contradicted at trial are visible. Defense counsel made several objections to the admission of the document, but did not object under Rule 403, or express any specific concern that the document was being introduced through a "back door" method, in order to place inadmissible evidence before the jury. Therefore, Appellant's objections did not preserve this issue for review. Issue Two is overruled.

Issues Three and Four challenge the legal and factual sufficiency of the evidence supporting Appellant's conviction. Appellant argues the State failed to carry its burden to prove that a knife was used during the attack. He also argues that the State's failure to connect him to the crime scene with DNA evidence, and the "less than credible" witness identifications render the evidence insufficient to support the trial court's judgment.

In a legal sufficiency review, we must consider all of the evidence in a light most favorable to the verdict, and determine whether a reasonable minded juror could have found the essential elements were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). We must give deference to "the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper*, 214 S.W.3d at 13.

In a factual sufficiency review, we consider all the evidence in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly

unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Id*. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards simply because, based on the quantum of evidence admitted, we would have voted to acquit. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict in the evidence justifies a new trial because we disagree with the jury's resolution of the conflict. *Id*. A new trial will only be granted when the reviewing court determines, on an objective basis, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id*. In addition, our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *see also Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006) (factual sufficiency review still requires "due deference" be given to the jury's determinations).

To establish an aggravated assault offense, the State must prove the defendant intentionally and knowingly or recklessly caused serious bodily injury to another or used or exhibited a deadly weapon during the commission of the assault. TEX.PENAL CODE ANN. § 22.02 (Vernon Supp. 2008). When the indictment alleges a complete offense on its face, the State is bound by the theory alleged, as is the reviewing court in its sufficiency analysis. *Rojas v. State*, 986 S.W.2d 241, 246 (Tex.Crim.App. 1998).

In this case, the indictment included the allegation that Appellant committed the aggravated assault with a knife. Appellant argues that because a knife was never recovered, the State failed to satisfy the terms of the indictment, and the evidence is insufficient. While we agree that the State did not produce a knife as evidence at trial, there is other evidence in the

record supporting the allegation that a knife was used in the assault. Mr. Moreno testified that he believed his friend was the victim of a knife attack, and stated that one of the defendant's brandished a knife when he attempted to help Mr. Salas. The emergency room physician who treated Mr. Salas testified that the wound was consistent with a knife attack or an attack utilizing an "sharp object" or "anything with a sharp edge." The jury, as the sole trier of witness credibility and weight to be given testimony, could reasonably have determined based on Mr. Moreno's account and the doctor's testimony that a knife was used in the attack. *See Johnson*, 23 S.W.3d at 7. In addition, Mr. Moreno's testimony that he witnessed Appellant and his brother chase and attack Mr. Salas, along with Mr. Salas's own identification of the twins as his attackers, could have lead the jury to reasonably conclude that Appellant committed the offense charged despite the lack of DNA evidence linking Appellant to the crime. We conclude that the record, viewed either in a neutral light or in a light most favorable to the verdict, contains legally and factually sufficient evidence to support Appellant's conviction for aggravated assault. Accordingly, we overrule Issues Three and Four.

Having overruled all of the issues Appellant has raised for review, we affirm the trial court's judgment.

March 26, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)